NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4427
_____

UNITED STATES OF AMERICA

v.

MARVIN DAVIS, a/k/a TR,

                                                      Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cr-00188-001)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2015

Before:  RENDELL, HARDIMAN and VANASKIE, *Circuit Judges*.

(Filed: June 10, 2015)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Marvin Davis appeals the District Court's order denying his motion to suppress inculpatory statements he made to FBI agents. We will affirm.

I

In January 2012, the FBI was investigating a number of robberies that had occurred in Pennsylvania and Delaware. The FBI believed that Davis had information about the robberies, so the agents sought to interview him to determine if he could be a witness in their federal case. The U.S. District Court for the Eastern District of Pennsylvania issued a writ of habeas corpus ad testificandum.

Two days before Davis's scheduled grand jury appearance, two FBI agents brought him to a proffer room for an interview. Davis's ankle cuffs were shackled to the floor of the proffer room. Before conducting the interview, one agent explained to Davis why he was in federal custody and advised him of his *Miranda* rights. The agent also gave Davis an FBI Advice of Rights form, which Davis read to himself and then the agent read aloud to him. Davis indicated that he understood his rights and signed the form waiving them. Davis then admitted that he had committed several robberies. At the end of the interview, the agents recommended that he obtain an attorney before testifying to the grand jury. Davis did not request an attorney at any point during the interview.

In January 2013, Davis was indicted on various robbery and firearm charges. Prior to trial, he moved to suppress his inculpatory statements on the grounds that the FBI

2

agents violated his Fifth Amendment right to remain silent and his Sixth Amendment

right to counsel. The District Court denied his suppression motion, concluding that Davis

waived his rights before making the inculpatory statements. A jury found Davis guilty on

all counts, and the District Court sentenced him to 661 months' imprisonment, of which

660 months were mandated by statute. Davis timely appealed.[1]

II

Davis argues that, pursuant to 28 U.S.C. § 2106, we should vacate the judgment of

the District Court and remand with instructions to reconsider its suppression ruling in

light of *United States v. DiGilio*, 538 F.2d 972 (3d Cir. 1976). In *DiGilio*, we held that

"grand jury subpoenas [cannot be used] as a ploy for the facilitation of office

interrogation." *Id.* at 985. Davis admits that he forfeited his *DiGilio* argument by failing

to raise it before the District Court but contends that we nevertheless retain authority to

remand in light of § 2106, which states:

> The Supreme Court or any other court of appellate jurisdiction may affirm,
> modify, vacate, set aside or reverse any judgment, decree, or order of a
> court lawfully brought before it for review, and may remand the cause and
> direct the entry of such appropriate judgment, decree, or order, or require
> such further proceedings to be had as may be just under the circumstances.

The Government responds that we can consider the forfeited argument only if Davis

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. "We have plenary authority under 28 U.S.C. § 2106 to make such disposition of the case as may be just under the circumstances." *Haynes v. United States*, 390 U.S. 85, 101 (1968) (internal quotation marks omitted).

provides good cause under Federal Rule of Criminal Procedure 12(c)(3).

Because Davis cannot show that remand is just under the circumstances, we will assume without deciding that (1) we have authority to remand for reconsideration in light of the forfeited argument and (2) the § 2106 standard rather than Rule 12 governs here. "The authority granted by § 2106 is discretionary[.]" *United States v. Murray*, 144 F.3d 270, 274 (3d Cir. 1998). Davis offers three reasons why exercising our discretion to remand would be just under the circumstances.

First, he argues that the actions of the FBI agents were at odds with *DiGilio* and, because *DiGilio* was cited with approval in commentary to the ABA Standards for Criminal Justice, the issue is of national importance. But Davis cites no authority supporting the notion that a factor in our § 2106 analysis is whether an issue is of national importance. A plain reading of § 2106—especially the language about whether something is just under the *circumstances*—indicates that our inquiry should focus on particular, contextual factors *specific to the party*. Accordingly, Davis has not persuaded us that the importance of an issue in the criminal justice system at large is relevant.

Second, Davis initially argued that the FBI's conduct here was a standard practice, as indicated by one FBI agent using the "specialized term" of a "breakdown" to refer to the interview process. Davis Br. 25 (quoting App. 502–03). Apparently, though, the agent actually said "bring-down"—a colloquial term in Philadelphia for bringing an inmate down to the courthouse from his confinement—and the word "breakdown" was just an

error in transcribing the agent's testimony. Gov't. Br. 23 (citing S. App. 102–03). Davis "agrees that this revision is accurate," Reply Br. 4, and thus has apparently abandoned his second argument.

Third, Davis argues that the severity of his sentence militates in favor of resolving the suppression claim on the merits. While Davis's sentence is quite severe, he has already filed a suppression motion that was resolved on the merits. Justice is not served by giving defendants new hearings whenever they commit serious crimes that carry serious penalties. Davis therefore offers no persuasive reason for us to remand.

Nor does our own independent inquiry elicit any reason to disturb the District Court's judgment. There is, for example, no change "either in fact or in law" that has occurred since Davis's initial suppression motion. *United States v. Erwin*, 765 F.3d 219, 235 (3d Cir. 2014) (internal quotation marks omitted). Accordingly, we will affirm.